UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYREE MAURICE MITCHELL, | ) | NO. EDCV 13-456-SJO (AGR) |
| Petitioner, | ) | |
| v. | ) | |
| J. G. JANDA, | ) | ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the petition, records on file, and the Report and Recommendation of the magistrate judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the magistrate judge.

Petitioner was convicted in 2008. (Report at 2.) His conviction was final on August 18, 2010. (*Id.* at 3.) He constructively filed the instant petition here on March 5, 2013. (*Id.*) On a motion to dismiss, the magistrate judge found that the petition was time-barred.

Petitioner argues that a State-created impediment prevented him from timely filing here. (Objections at 9 *et seq.*) The one-year limitations period

begins on the latest of one of four dates specified in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1)(B) provides that one alternative date is "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." "To obtain relief under § 2244(d)(1)(B), the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1060 (9th Cir. 2007). "The limitations period is statutorily tolled if the petitioner's delay was attributable to" a State-created impediment. *Id.* A claim under § 2244(d)(1)(B) "must satisfy a far higher bar than that for equitable tolling. *Ramirez v. Yates*, 571 F.3d 993, 1000 (9th Cir. 2009). The factual basis for the claim must make "it impossible for [the petitioner] to file a timely § 2254 petition in federal court. There is no constitutional right to file a timely § 2254 petition, however[. A petitioner] is entitled to the commencement of a new limitations period under § 2254(d)(1)(B) only if [the alleged facts] altogether prevented him from presenting his claims in *any* form, to *any* court." *Id.* at 1000-01 (emphases in original).

Petitioner alleges that on November 17, 2010, the California State Bar advised that Petitioner's trial counsel had mailed the trial case file to Petitioner at prison but that prison officials had returned the file to counsel. On November 26, 2010, Petitioner told prison officials that his former trial counsel would be sending him CD/DVDs related to his trial. On November 29, 2010, prison officials told Petitioner that the material had arrived but "did not mention any document [that] had accompanied the CD/DVDs." Petitioner was permitted to review the CD/DVDs in January 2011 but was not allowed to retain them. He was told to "send them to a designee." On January 13, 2011, Petitioner instructed the prison to send "the disc to petitioner's mother." The prison "retained the file" until January 28, 2011. In mid-February 2011, Petitioner's mother mailed "the

documentation that had accompanied the CD/DVDs," which was the first time Petitioner "became aware" of that documentation. "By that time, prison officials had retained that portion of the file from November 2010 throughout January 28, 2011." (Objections at 9-10 (citing Exs. A & C.) Petitioner alleges that on April 19, 2011, "he received the bulk of the case file." (*Id.* at 10.)[1]

The magistrate judge reasonably and thoroughly rejected Petitioner's contentions in her discussion of equitable tolling. (*Compare* Report at 10-12). *See Gaston v. Palmer*, 417 F.3d 1030, 1035 (9th Cir. 2005) ("the district court's rejection of equitable tolling based on Gaston's disabilities constitutes an implicit rejection of his impediment argument"), *as amended*, 447 F.3d 1165 (9th Cir. 2006). In addition, Petitioner has failed to meet the "far higher bar" to satisfy § 2254(d)(1)(B). *Ramirez*, 571 F.3d at 1000. He has not shown that waiting for his entire trial file made it impossible for him to file collateral attacks on his conviction in the California courts or in this court. *Id.* at 1000-01.

Petitioner's remaining objections are without merit.

IT IS ORDERED that Respondent's motion to dismiss be granted and judgment entered denying the petition and dismissing this action with prejudice.

DATED: _February 6, 2014

　　　　　　　　　　　　　　　　S. JAMES OTERO
　　　　　　　　　　　　　　　　United States District Judge

---

[1] Petitioner does not cite any documentary evidence in support of this contention.